IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
MICHAEL GIDDINGS                *
935 Imperial Court
Halethorpe, Maryland 21227      *

        Plaintiff,              *       Case No._____

    vs.                         *

MARTIN FAMILY TRUST             *
218 Taylor Ridge Lane
Mars, Pennsylvania 16046        *

SERVE ON:                       *
Lawrence Martin, Trustee
Martin Family Trust             *
218 Taylor Ridge Lane
Mars, Pennsylvania 16046        *

        Defendant.              *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Michael Giddings, by undersigned counsel, hereby files this Complaint against Martin Family Trust., Defendant herein, and alleges as follows:

I. JURISDICTION AND VENUE

1. Plaintiff invokes the jurisdiction of this Court pursuant 28 U.S.C. § 1332.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

3. The amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs.

## II. **PARTIES**

4.  Michael Giddings ("Giddings") is a citizen of the State of Maryland with a residence located in Baltimore County at 935 Imperial Court, Halethorpe, Maryland 21227.

5.  Martin Family Trust ("MFT") is a trust settled under the laws of Pennsylvania with its principal place of management and operation located in the State of Pennsylvania at 218 Taylor Ridge Road, Mars, Pennsylvania 16046. According to publicly available land records, the Trustee of the MFT is Lawrence Martin, a Pennsylvania resident who resides at 218 Taylor Ridge Road, Mars, Pennsylvania 16046. At all times material to this Complaint, MFT was the owner of the property known as 20230 Garrett Highway, Oakland, Maryland 21550.

## III. **FACTS**

6.  Giddings leased or rented the vacation property known as 20230 Garrett Highway, Oakland, Maryland 21550 ("Premises") from Defendant, MFT, for a period of three (3) days from November 29, 2019 through December 1, 2019.

7.  On or about November 29, 2019, at approximately 10:30 p.m., Giddings began walking down the outdoor stairs on the Premises which lead to a firepit located in the backyard of the Premises. As Giddings was descending the stairs, he lost his balance causing him to fall to the ground and sustain profound and painful injuries to his legs, knees, hips, back, neck, and body.

Immediately after his fall, Giddings noticed that the final two steps of the stairwell he was descending were not illuminated by the exterior lighting located on the Premises. Due to the lack of lighting, Plaintiff was unaware that the final two stairs were present and believed he was walking onto level ground at the time of his fall. As a result of the injuries sustained, Giddings was forced to incur substantial medical bills and miss time from work. As of the date of the filing of this Complaint, Giddings is still experiencing pain and discomfort as a result of the injuries he sustained on November 29, 2019 and may be in need of future medical care.

8. At all times prior to his fall, Giddings maintained a proper and vigilant outlook as he descended the outdoor stairs and his actions in no way contributed to his fall. To the contrary, Giddings' injuries were solely the result of the unreasonable acts and omissions of Defendant, MFT.

9. Prior to this accident, MFT knew or should have known that the exterior lighting located on the Premises was insufficient due its failure to illuminate the final two outdoor stairs, and, as such, constituted a hazardous condition. Notwithstanding said knowledge and notice, MFT failed to take reasonable actions to prevent and/or cure the hazardous conditions which it knew or should have known could result in injuries to business invitees renting the premises for vacation purposes, like Giddings.

Additionally, MFT failed to provide any sort of meaningful warning to Giddings, or others lawfully on the premises, of the hazardous condition.

## COUNT I
### (Negligence - MFT)

10. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-9.

11. MFT, at all times material to this Complaint, was the owner of the property known as 20230 Garrett Highway, Oakland, Maryland 21550. As such, MFT owed a duty to Giddings, and all patrons who were lawfully on the premises, to (1) ensure the Premises was free from dangerous conditions which could cause tenants and their guests to sustain injury; (2) maintain and repair the outdoor stairs in a manner suitable for pedestrian traffic; (3) ensure the exterior lighting properly illuminated the entire outdoor stairwell; and (4) warn Plaintiff, and all other invitees lawfully on the premises, of the dangerous condition of the outdoor stairs.

12. On or about November 29, 2019, MFT breached the duties of care it owed to Giddings by failing to (1) take reasonable actions to ensure that the outdoor stairs were properly illuminated to ensure that Giddings, and other patrons lawfully on the premises, could identify the final set of stairs; (2) maintain the outdoor stairs in the area where Giddings fell in a manner safe

for pedestrian traffic and free of defects which could cause injury; and (3) warn Giddings, and other patrons lawfully on the premises, of the aforementioned dangerous conditions of which it knew or should have known existed as of the time of Giddings' fall.

13. As a result of MFT's breaches of the duties of care owed to Giddings, Giddings sustained substantial damages.

WHEREFORE, Plaintiff, Michael Giddings, prays that the Court enter judgment in his favor and against Defendant, Martin Family Trust, for compensatory damages in excess of $75,000.00, with the exact amount to be determined at trial, plus pre-judgment interest, costs, and such other and further relief as justice may require.

Respectfully submitted,

_____
Thomas C. Costello (Fed. Bar No. 22978)
Matthew T. Holley (Fed Bar No. 19001)
Costello Law Group
409 Washington Avenue
Suite 410
Towson, Maryland 21204
(410) 832-8800

Attorneys for Plaintiff,
Michael Giddings

## JURY TRIAL DEMANDED

Plaintiff hereby demands and request that all claims, actions and causes of action set forth herein be tried before a jury.

_____
Matthew T. Holley