IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL GIDDINGS                          *

    Plaintiff,                              *

    v.                                      *             Civil No.: BPG-20-2645

MARTIN FAMILY TRUST,                      *

                                          *

    Defendant                               *

*     *     *     *     *     *     *     *     *     *     *     *     *     *

**MEMORANDUM OPINION**

    The above-referenced case was referred to the undersigned for all proceedings with the consent of the parties, pursuant to 28 U.S.C. 636(c) and Local Rule 301.4.  (ECF Nos. 8, 10). Currently pending are defendant's Motion for Summary Judgment ("Motion") (ECF No. 17), plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Opposition") (ECF No. 19), and defendant's Reply in Support of its Motion for Summary Judgment ("Reply") (ECF No. 21).  No hearing is deemed necessary.  Loc. R. 105.6.  For the reasons discussed herein, defendant's Motion for Summary Judgment (ECF No. 17) is DENIED.

I.    **BACKGROUND**

    In ruling on a motion for summary judgment, this court considers the facts and draws all reasonable inferences in the light most favorable to the nonmoving party, which is the plaintiff in this case.  Scott v. Harris, 550 U.S. 372, 378 (2007).  Plaintiff Michael Giddings ("plaintiff") allegedly sustained personal injuries on November 29, 2019 while at a vacation rental property owned by defendant Martin Family Trust ("defendant" or "MFT") in Oakland, Maryland.  (ECF

No. 19 at 1-2).  Plaintiff, along with his family, rented defendant's property from November 29, 2019 through December 1, 2019 for vacation.  (Compl., ECF No. 1 at ¶ 6).  At the time of plaintiff's alleged fall, a main floor and a lower level were located on the property with access at each level to a two-story deck.  (ECF No. 19 at 3).  An exterior staircase connected both levels of the deck and a landing existed at the bottom of the exterior staircase, leading to a smaller set of stairs and a fire pit located in the rear of the premises.  (Id.)  At approximately 10:30 PM on the first night of his stay, plaintiff exited the property from the main level and began to descend the exterior staircase to access the fire pit.  (ECF No. 1 at ¶ 7).  As plaintiff approached the bottom of the stairs, he lost his balance and fell to the ground, believing that the last two stairs looked like a landing. (Id.)  At the time of plaintiff's alleged fall, exterior lights existed on both levels of the deck. (ECF Nos. 17-1 at 5, 19 at 3).  Whether these lights sufficiently illuminated the exterior staircase on which plaintiff allegedly fell, however, remains in dispute.  Plaintiff alleges extensive injuries resulting from this incident.  (ECF No. 19 at 7).

On September 14, 2020 plaintiff filed suit against defendant in this court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.  (ECF No. 1 at ¶ 1).  Plaintiff states a negligence claim, asserting that defendant breached its duty of care to him by "failing to (1) take reasonable actions to ensure that the outdoor stairs were properly illuminated to ensure that Giddings . . . could identify the final set of stairs; (2) maintain the outdoor stairs in the area where Giddings fell in a manner safe for pedestrian traffic and free of defects which could cause injury; and (3) warn Giddings . . . of the aforementioned dangerous conditions of which it knew or should have known existed as of the time of Giddings' fall."  (Id. ¶ 12).  Plaintiff seeks damages in an amount greater than $75,000.00.  (Id. at 5).  Discovery closed on March 4, 2021, and thereafter, the pending Motion and related pleadings were filed.

II.     **STANDARD OF REVIEW**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is properly considered "material" only if it might affect the outcome of the case under the governing law. Id. The party moving for summary judgment has the burden of demonstrating the absence of any genuine issue of material fact. Fed. R. Civ. P. 56(a); Pulliam Inv. Co., Inc. v. Cameo Props., 810 F.2d 1282, 1286 (4th Cir. 1987). On those issues for which the non-moving party will have the burden of proof, however, it is his or her responsibility to oppose the motion for summary judgment with affidavits or other admissible evidence specified in Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 56(c); Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1315-16 (4th Cir. 1993). If a party fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment is proper. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

When reviewing a motion for summary judgment, the court does not evaluate whether the evidence favors the moving or non-moving party, but considers whether a fair-minded jury could return a verdict for the non-moving party on the evidence presented. Anderson, 477 U.S. at 252. In undertaking this inquiry, the court views all facts and makes all reasonable inferences in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The non-moving party, however, may not rest on its pleadings, but must show that specific, material facts exist to create a genuine, triable issue. Celotex, 477 U.S. at 324. A "scintilla" of evidence in favor of the non-moving party, however, is insufficient

to prevent an award of summary judgment.   Anderson, 477 U.S. at 252.   Further, "mere speculation" by the non-moving party or the "building of one inference upon another" cannot create a genuine issue of material fact.   Cox v. Cnty. of Prince William, 249 F.3d 295, 299-300 (4th Cir. 2001).   Summary judgment should be denied only where a court concludes that a reasonable jury could find in favor of the non-moving party.   Anderson, 477 U.S. at 252.

## III.   **DISCUSSION**

Defendant moves for summary judgment, asserting that plaintiff cannot establish a prima facie case of negligence because plaintiff failed to offer evidence that defendant breached a duty of care to plaintiff.   (ECF No. 17-1 at 4).   To assert a claim of negligence in Maryland, plaintiff must prove that: (1) the defendant was under a duty to protect plaintiff from injury, (2) the defendant breached that duty, (3) plaintiff suffered actual injury or loss, and (4) the injury or loss proximately resulted from defendant's breach of duty.[1]   100 Inv. Ltd. P'ship v. Columbia Town Ctr. Title Co., 430 Md. 197, 212-13, 60 A.3d 1, 10 (2013).   As a tenant in a vacation rental home owned by defendant, plaintiff was a business invitee to whom defendant owed a duty "to use reasonable and ordinary care to keep [the] premises safe for the invitee and to protect [the invitee] from injury caused by an unreasonable risk which the invitee, by exercising ordinary care for [the invitee's] own safety will not discover."   Gillespie v. Ruby Tuesday, Inc., 861 F. Supp. 2d 637, 641 (D. Md. 2012) (quoting Deboy v. City of Crisfield, 167 Md. App. 548, 555, 893 A.2d 1189, 1193 (2006)); see also Deering Woods Condo. Ass'n v. Spoon, 377 Md. 250, 262-65, 833 A.2d 17, 24-25 (2003).   Although Maryland courts have emphasized that a business invitor "is not an

---

[1] Because the court's jurisdiction over this matter is based on diversity of citizenship, the court must apply Maryland law to issues of substantive law.   See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Wells v. Liddy, 186 F.3d 505, 527-28 (4th Cir. 1999) ("As a court sitting in diversity, we have an obligation to interpret the law in accordance with the Court of Appeals of Maryland, or where the law is unclear, as it appears that the Court of Appeals would rule.").

insurer of the invitee's safety," a business invitor has a duty to protect the invitee against unreasonably dangerous conditions.  Rybas v. Riverview Hotel Corp., 21 F. Supp. 3d 548, 561-62 (D. Md. 2014) (citing Moulden v. Greenbelt Consumer Servs., Inc., 239 Md. 229, 232, 210 A.2d 724, 725 (1965)).

Defendant first argues that the evidence demonstrates that the exterior staircase was properly maintained by MFT and was without defect. (ECF No. 17-1 at 6).  Specifically, defendant notes that handrails were present on the above-ground stairs and that lighting existed on both levels of the deck next to the above-ground stairs.  (Id. at 7).  Defendant also offers daytime photographs of the exterior staircase as additional proof that the staircase was properly maintained and was without defect.  (Id. at 6-7).  Plaintiff contends, however, that the evidence offered by defendant confuses the issues and fails to address the operative question in this case—whether there was insufficient lighting surrounding the exterior staircase that "caused plaintiff to believe that he was stepping onto a landing and not another stair."[2]  (ECF No. 19- at 10).

Contrary to defendant's position, the existence of handrails is immaterial here because it does not address the issue of insufficient lighting.  In addition, although defendant offered several photographs of the exterior staircase, they were all taken during the daytime and therefore do not conclusively show whether the exterior lighting was sufficient on the night when plaintiff allegedly

_____

[2] Plaintiff suggests that Lawrence Martin, a co-trustee of defendant, did not properly maintain the property because Mr. Martin acknowledged he did not regularly visit the property, could not recall the last time he was at the property at night during winter, did not personally inspect the property unless he was already there on vacation, and had not changed an exterior lightbulb in the eleven years he owned the property prior to plaintiff's alleged fall.  (ECF No. 19 at 12).  As defendant notes, however, Mr. Martin testified in his deposition that he had contracted with a management company at the time of plaintiff's alleged fall to maintain the property and conduct inspections and repairs.  (ECF No. 21 at 5-6).

fell.[3]  Further, the deposition of defendant's trustee, Lawrence Martin, failed to clarify whether the lighting surrounding the exterior staircase was sufficient.  For example, although Mr. Martin acknowledged that the stairs were "illuminated enough to where you can recognize it's a stair," he also said that his ability to see every single step while walking down the exterior staircase at night during winter "depends on the weather" and that "the further away you get from the light source, the less illuminated [the steps] are."  (ECF No. 17-1 at 8-9).  Moreover, Mr. Martin's affirmation that all the exterior stairs leading from the top deck to the bottom deck were properly illuminated is conclusory and does not serve as a basis for summary judgment as to the sufficiency of the lighting surrounding the exterior staircase at the time of plaintiff's alleged fall.[4]

Defendant further contends that it took sufficient precautionary measures to ensure plaintiff's safety.  Specifically, defendant references caution signs posted at each of the two rear exits stating, "Caution! Slippery when wet or cold. Ice may not be visible."  (ECF No. 17-1 at 7). Plaintiff claims, however, that his fall "was caused by the failure of the exterior lighting to properly illuminate the final two stairs of the exterior stairwell," not by icy or slippery conditions.  (ECF No. 19 at 11).  The court agrees that, under the circumstances, the caution signs have no relevance to plaintiff's negligence claim.  Defendant also points to the existence of a welcome letter that was posted on the refrigerator notifying guests where flashlights and replacement light bulbs could be found in the house.  (ECF No. 17-1 at 7).  This welcome letter, however, did not specify that guests

---

[3] The undersigned notes that neither party offered a nighttime photograph.  <u>See</u> ECF Nos. 17-14, 17-15, 19-3.
[4] Relatedly, plaintiff discusses at length evidence pertaining to defendant's constructive and actual knowledge of the allegedly hazardous condition of insufficient lighting.  (ECF No. 19 at 11-14). The operative question in this case, however, is whether there is a genuine dispute of material fact as to the sufficiency of the exterior lighting at the time of plaintiff's alleged fall, not whether defendant had notice of insufficient lighting.

should use a flashlight for the purpose of safely descending the exterior staircase.[5]  (ECF No. 19-5).  Defendant further presumes that plaintiff's adult son and nephew walked down the same staircase as plaintiff without any issues, indicating that defendant properly maintained the exterior staircase in a manner that was safe for pedestrian traffic.  (ECF No. 17-1 at 8).  Plaintiff's son, however, refutes this point, stating in his affidavit that neither he nor plaintiff's nephew used the stairwell where plaintiff fell.  (ECF No. 19-7).  As a result, there remains a factual dispute to be resolved by a jury as to whether defendant breached its duty of reasonable care to keep the premises safe for plaintiff and to protect plaintiff from injury.  See Gillespi, 861 F. Supp. 2d at 641.  Accordingly, there is no basis for summary judgment on the issue of negligence.

Defendant next argues that, assuming MFT was negligent, "Plaintiff still could not recover because MFT's alleged negligence was not the proximate cause of Plaintiff's injuries."  (ECF No. 17-1 at 10).  Specifically, defendant maintains that plaintiff's own actions were the proximate cause of his injuries because plaintiff did not attempt to use a flashlight that was in his possession while walking down the stairs and he failed to confirm that all the exterior lights were turned on before descending the staircase.  (Id. at 10-11).  As plaintiff notes, however, defendant's argument with respect to proximate cause is really a contributory negligence argument in disguise and, as discussed below, the undersigned finds that argument to be unpersuasive.

Defendant contends that MFT is entitled to summary judgment because plaintiff was contributorily negligent.  "A plaintiff's contributory negligence operates as an absolute bar to recovery under Maryland law."  Powell v. Delta Airlines, Inc., Civil No. AW-4-2791, 2005 WL

---

[5] The undersigned also notes that at the time of plaintiff's alleged fall, defendant's welcome letter advertised the addition of a fire pit.  (ECF No. 19-5).  The welcome letter, however, made no reference to any additional measures taken by defendant to ensure that guests would be able to safely descend the exterior staircase to access the fire pit area at night, including the installation of additional exterior lighting or a warning to use flashlights.  See id.

8174686, at *2 (D. Md. 2005) (citing Major v. CSX Transp., Inc., 278 F. Supp. 2d 597, 616 (D. Md. 2003) (quotation marks omitted)).  Contributory negligence is "the doing of something that a person of ordinary prudence would not do, or the failure to do something that a person of ordinary prudence would do, under the circumstances." Thomas v. Panco Mgmt. of Maryland, LLC, 423 Md. 387, 417-18, 31 A.3d 583, 602 (2011) (citations and quotation marks omitted).  The defendant has the burden of proving contributory negligence. Atlantic Mut. Ins. Co. v. Kenney, 323 Md. 116, 135, 591 A.2d 507, 516 (1991).  In addition, the issue of contributory negligence is ordinarily a question of fact to be decided by a jury. Dell v. DeTar, 2017 WL 3835679, at *6 (D. Md. 2017) (citing Campbell v. Baltimore Gas & Elec. Co., 95 Md. App. 86, 93, 619 A.2d 213, 216 (1993)).  While contributory negligence may be decided as a matter of law, a court may do so only in "very narrow circumstances." Dell, 2017 WL 3835679, at *6 (citing Catler v. Arent Fox, LLP, 212 Md. App. 685, 727-28, 71 A.3d 155, 180 (2013) ("To establish contributory negligence as a matter of law, the act relied on must be distinct, prominent and decisive, and one about which ordinary minds cannot differ.")).

In this case, defendant asserts that plaintiff was contributorily negligent because he failed to look where he was stepping, follow flashlight recommendations, use the flashlight in his possession, or ensure that all available lights were on before descending the staircase.  (ECF No. 17-1 at 12).  Plaintiff refutes defendant's arguments, noting that he did not fail to look where he was stepping as he testified that he "was looking down and just ahead of his feet at the time of his fall."  (ECF No. 19 at 18).  Plaintiff also counters defendant's assertion that the welcome letter posted on the refrigerator on the day of the incident constituted a warning to plaintiff.  Instead, plaintiff maintains that the welcome letter referenced flashlights only in the context of "where to find things" on the property and that it did not recommend that plaintiff use a flashlight to descend

the exterior staircase at night.  (Id. at 20).[6]  Additionally, plaintiff asserts that he did not attempt to use the flashlight in his possession while descending the staircase because "he believed the entire set of stairs [was] illuminated by the exterior lighting."  (Id.)  Plaintiff also refutes defendant's argument that plaintiff failed to ensure that all available lights were on by referring to affidavits by plaintiff's daughter and son indicating that they confirmed that all exterior lights were turned on prior to plaintiff's fall.  (ECF Nos. 19-6, 19-7).  In sum, this conflicting evidence indicates that reasonable minds could differ as to whether plaintiff was contributorily negligent.  See Dell, 2017 WL 3835679, at *6.  Accordingly, there is no basis for summary judgment on this point.

Next, defendant asserts that plaintiff "is barred from recovery because he voluntarily assumed the risk of danger that is inherent in walking down the exterior steps at night when 'it was pitch black and dark' outside."  (ECF No. 17-1 at 18).  Similar to contributory negligence, assumption of the risk is a complete bar to a plaintiff's recovery pursuant to Maryland law.  Dell, 2017 WL 3835679, at *6.  A defendant may prove assumption of risk by showing that the plaintiff (1) had knowledge of the risk of the danger, (2) appreciated that risk, and (3) voluntarily confronted the risk of danger.  ADM P'ship v. Martin, 348 Md. 84, 90-91, 702 A.2d 730, 734 (1997).  The issue of assumption of the risk may be decided as a matter of law "if there are no facts in dispute and if a person of normal intelligence, in the same position as the plaintiff, would clearly have comprehended the danger."  Dell, 2017 WL 3835679, at *6 (citations and quotation marks

---

[6] In addition, plaintiff references the fact that after his alleged fall, defendant added a warning to signage on the property recommending that guests use a flashlight while descending the exterior staircase at night.  (ECF No. 19 at 4).  Defendant argues that any mention of MFT's subsequent remedial measures is inadmissible to prove defendant's negligence, pursuant to Maryland Rule 5-407(a) and Federal Rule of Evidence 407.  (ECF No. 21 at 5).  Defendant, however, misunderstands the purpose for which plaintiff offered evidence of defendant's subsequent remedial measures.  Plaintiff offered this evidence not to prove defendant's negligence but rather to refute defendant's suggestion that signage on the property at the time of the accident cautioned guests to use a flashlight to safely descend the exterior staircase.  (ECF No. 19 at 21).

omitted).  "As with contributory negligence, however, the question of whether the plaintiff assumed the risk of harm is ordinarily reserved for a jury."  Id.

Contrary to defendant's position, plaintiff argues that he did not appreciate or have knowledge of any risk of danger when he descended the exterior staircase because he believed the entire staircase was properly illuminated by exterior lighting.  (ECF No. 19 at 23).  Plaintiff maintains that he believed the final two stairs looked like a safe landing and notes that his numerous references during his deposition to "pitch black dark" conditions were in the context of areas beyond the exterior staircase that were not illuminated by exterior lighting.  (Id.)  As a result, there is clearly a factual dispute for a jury to resolve as to whether a person of normal intelligence in the same position as plaintiff would have clearly comprehended the danger of descending the exterior staircase.  See Dell, 2017 WL 3835679, at *6.  Accordingly, there is no basis for summary judgment on this point.

## IV.  **CONCLUSION**

For the foregoing reasons, defendant's Motion for Summary Judgment (ECF No. 17) is DENIED.  A separate order will be issued.


September 23, 2021

/s/
_____
Beth P. Gesner
Chief United States Magistrate Judge
